UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COPPOLA | : | NO.:  3:01CV813 (MRK) |
| | : | |
| v. | : | |
| | : | |
| WEARING, ET AL | : | February 17, 2004 |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 38, a telephone conference was held on February 2 and 3, 2003.  The parties were: Attorney R. Edward Phillips for the plaintiff and Attorney Rene G. Martineau and Attorney Jonathan Beamon.

**I.    CERTIFICATION**:

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    JURISDICTION**:

    **A.    SUBJECT MATTER JURISDICTION**

The basis for the court's subject matter jurisdiction is 28 U.S.C. §§ 1333 and 1343, 42 U.S.C. §§1983 and 1988 and 28 U.S.C. 1367. This action arises under the United States Constitution, 42 U.S.C. §§ 1983 and 1988 and under the Connecticut Constitution and statutory and common law. This action seeks redress for violations of federal constitutional law and pendent state law claims.

    **B.    PERSONAL JURISDICTION**

Personal jurisdiction is not contested.

**III.    BRIEF DESCRIPTION OF CASE**:

    **A. CLAIMS OF PLAINTIFF**

The defendants violated the provisions of Conn. Gen. Stat. Sec. 31-51m which prohibits an employer from disciplining an employee for the latter's actions in reporting a violation or suspected violation of any state or federal law or regulation or any municipal ordinance or regulation to a public body.

The defendants violated the provisions of Conn. Gen. Stat. Sec. 31-51q which prohibits an employer from disciplining an employee "on account of the exercise by

such employee of rights guaranteed by the First Amendment of the United States Constitution or Section 3, 4, or 14 of Article First of the State Constitution.

The defendants, Wearing, Wortz, Kearney and Minardi, made such defamatory statements with actual malice in that they either (a) knew the statements were false, or (b) acted with reckless disregard for the truth of such statements, and with a deliberate indifference to the rights and well-being of the plaintiff.

The aforementioned conduct of the defendants in wrongfully disciplining the plaintiff, Stephen Coppola, was retaliatory in nature and a violation of the plaintiff's clearly established rights under the First Amendment to the United States Constitution and article first, Section 4 of the Connecticut Constitution.

The defendants deprived the plaintiff, Stephen Coppola, of a fundamental liberty interest, without due process, by impugning the plaintiff's reputation by reprimanding him for "retaining evidence," "withholding evidence," and "failing to report immediately to his Superior Officer any information he has concerning the violation of any law or ordinance or any matter that should come to the attention of the department" without giving the plaintiff a meaningful opportunity to clear his name.

The defendants Wearing, Kearney and Minardi, through custom and policy of the New Haven Police Department, when they acted under color of state law,

attempted to obtain statements from the plaintiff and to further the Police Department's policy of selective enforcement of departmental rules and regulations and thereby deprived the plaintiff of his clearly established constitutionally protected rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

The defendants intentionally inflicted emotional distress upon the plaintiff, Stephen Coppola, or they knew or should have known that emotional distress was a likely result of their conduct.

The defendant City of New Haven is liable for the aforesaid actions of the defendants Wearing, Kearney, Minardi and Wortz pursuant to the provisions of Conn. Gen. Stat. § 7-465.

### B. DEFENSES AND CLAIMS

The defendants, Minardi and Kearney, deny the plaintiff's allegations and interpose special defenses more particularly outlined in an answer with special defenses dated August 9, 2002.

IV.  **STATEMENT OF UNDISPUTED FACTS**:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed: NONE.

V.  **CASE MANAGEMENT PLAN**:

A.  **STANDING ORDER ON SCHEDULING IN CIVIL CASES**

The parties request a modification of the deadlines in the Standing Order On Scheduling In Civil Cases as follows:

B.  **SCHEDULING CONFERENCE WITH THE COURT**

The parties **do not** request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.  **EARLY SETTLEMENT CONFERENCE**

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement **is not** likely at this time.

2.  The parties **do not** request an early settlement conference.

3.  The parties **do not** prefer a settlement conference with a United States Magistrate judge.

4.     The parties **do not** request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

### D.     JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

1.     The defendants have answered the complaint by way of responsive pleading dated February 26, 2003.

### E.     DISCOVERY

1.     The parties anticipate that discovery will be needed on the following subjects: The nature and details of the relationship between the parties, the facts giving rise to the instant complaint, and damages.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately and completed by **July 15, 2004**.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the plaintiff will require a total of five depositions of fact witnesses.  The defendants will require a total of  ? depositions of fact witnesses.  The depositions will commence immediately and be completed by **May 2, 2004**.

5. The parties may request permission to serve more than twenty-five interrogatories.

6. The plaintiff has indicated whether they intend to call expert witnesses at trial. The parties agree that the party bearing the burden of proof at trial will designate its testifying experts and provide opposing counsel with reports from its experts pursuant to Fed. R. Civ. P. 26(a)(2) by **June 1, 2004**. The parties have agreed that responsive experts will be designated and reports will be provided to opposing counsel pursuant to Fed. R. Civ. P. 26(a)(2) by **July 1, 2004**.

7. The defendants may call an expert witness at trial to rebut the opinion of any expert called by the plaintiffs.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **June 1, 2004**.

### F. DISPOSITIVE MOTIONS

Dispositive motions will be filed on or before **July 15, 2004**.

### G. JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **July 15, 2004**, or within 60 days of a ruling on any dispositive motion, whichever is later.

## VI. TRIAL READINESS:

The case will be ready for trial **August 15, 2004**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**VII.**  Pursuant to the Court's Notice to Counsel, dated January 27, 2004, counsel provides the following statement.

On or about February 20, 2003, counsel for the parties in the above-named case, as well as the <u>Rodriguez</u> and the <u>Cusick v. New Haven</u> cases, appeared before Judge Underhill for a status conference.  Judge Underhill waived the Rule 26(f) report and proceeded to set the deadlines and request information from each counsel as to their position on availability and for trial.  Most respectfully, the imposition of sanctions is unwarranted.

        PLAINTIFF,
        STEPHEN COPPOLA


        By_____
          R. Edward Phillips, Esq.
          One Union Plaza, 2nd Floor
          New London, CT 06320
          Fax (860) 443-1354

        DEFENDANTS,  
        CITY OF NEW HAVEN, WEARING &  
        WORTZ

        By_____  
           Jonathan Beamon, Esquire  
           Office of the Corporation Counsel  
           165 Church Street, 4th Floor  
           New Haven, CT 06510  
           Fax (203)946-7942

        DEFENDANTS,  
        MINARDI & KEARNEY

        By_____  
           Rene G. Martineau, Esquire  
           Del Sole & Del Sole, LLP  
           46 Whittlesey Avenue  
           Wallingford, CT 06492  
           Fax (203)777-4485

## **CERTIFICATION**

This is to certify that the foregoing has been delivered via facsimile on February 17, 2004 to the following counsel:

Jonathan Beamon, Esquire
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Fax (203)946-7942

Rene G. Martineau, Esquire
Del Sole & Del Sole, LLP
46 Whittlesey Avenue
Wallingford, CT 06492
Fax (203)777-4485

_____
R. Edward Phillips, Esquire